UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**GILDA DULCEY, Individually and
on behalf of others similarly situated,**

    Plaintiff,

vs.                                        CASE NO.:

**COMPREHENSIVE HEALTH SERVICES,
INC., a Florida corporation,**

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GILDA DULCEY, Individually and on behalf of others similarly situated, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.,* sues the Defendant, COMPREHENSIVE HEALTH SERVICES, INC., a Florida corporation, and alleges as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*

2.    Venue lies within United States District Court for the Southern District of Florida, Miami Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3.    Plaintiff, GILDA DULCEY ("Dulcey"), is a resident of Miami-Dade County, Florida at all times material and worked for Defendant in this Juridical District during the

applicable statute of limitations.

4. Defendant, COMPREHENSIVE HEALTH SERVICES, INC., is a Florida corporation authorized and doing business in this Judicial District.

5. Defendant, COMPREHENSIVE HEALTH SERVICES, INC., is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce or in the production of good for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and because it has an annual gross volume of sales made or business done greater than $500,000.00.

6. At all times material herein, Plaintiffs were non-exempt employee of Defendant, pursuant to 29 U.S.C. § 203(e)(1).

7. Plaintiff is an employee of Defendant pursuant to 29 U.S.C. § 203(e)(1), Defendant was/is Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employs Plaintiff within the meaning of 29 U.S.C. § 203(g).

8. Defendant is an employer within the meaning of 29 U.S.C. of § 203(d), and subject to the Fair Labor Standards Act.

## FACTUAL ALLEGATIONS

9. Plaintiff, GILDA DULCEY, has been employed with Defendant since October 16, 2018 to present, as a full time hourly Clinical Counselor.

10. During the course of Plaintiff's employment, Plaintiff worked between 5 to 8 hours of overtime over forty (40) hours per week.

11. Plaintiff was not compensated at the rate of at least one and a half times her regular hourly rate of pay pursuant to the Fair Labor Standards Act (FLSA) for all hours worked over forty (40) in the work week.

12. Plaintiff was and is not exempt from the overtime provisions of the FLSA. In fact, Plaintiff is entitled to overtime compensation for all overtime hours worked under the FLSA.

13. Plaintiff has retained the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

## COUNT I
### (Fair Labor Standard Act - Overtime)

14. Plaintiff realleges paragraphs one (1) through thirteen (13) as though set forth fully herein.

15. The employment of Plaintiff provided for a forty (40) hour work week but throughout her respective employment, Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

16. At all times material, Defendant failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate Plaintiff at the rate of time and one-half her regular rate of pay for the hours worked over forty (40) in a work week.

17. Defendant's failure to pay Plaintiff the required overtime pay was intentional and willful.

18. As a direct and legal consequence of Defendant's unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff, GILDA DULCEY, respectfully request all legal and equitable relief allowed by law including judgment against Defendant for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendant's

unlawful pay policy and such other relief as the court may deem just and proper.

## COUNT II
### (Fair Labor Standards Act – Collective Action)

19. Plaintiff realleges paragraphs one (1) through thirteen (13) as though set forth fully herein.

20. The claim for violation of the FLSA is brought pursuant to 19 U.S.C.§ 216(b) for all claims asserted by Plaintiff, on behalf of himself and all others similarly situated, because Plaintiff's claims are similar to the claims of the members of the prospective class.

21. At all times material, Defendant failed to comply with 29 U.S.C. § 201 et seq., in that individuals similarly situated to Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate such individuals at the rate of time and one-half their regular rate of pay for the hours worked over forty (40) in a work week.

22. Plaintiff, and all others similarly situated, allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendant nationwide performing labor for Defendant, and/or similar position during the applicable statute of limitations, who have not been compensated at one and a half times their regular rate of pay for all work performed in excess of forty (40) hours per work week, and for Defendant's failure to maintain and preserve payroll records or other records, containing, without limitation, the total hours worked by each class member each workday and total hours worked by each class member each work week.

23. Treatment of this case as a collective action is proper because all employees employed as Clinical Counselors, or similar positions were subject to the same improper pay practices, time keeping requirements, and other policies alleged herein.

24. Plaintiff and the class she seeks to represent are similarly situated, were/are subject

to substantially similar time-keeping requirements and pay provisions, utilized the same time-keeping system, and were/are subject to Defendant's common practice, policy or plan of failing to keep accurate records and failing to pay overtime in violation of the FLSA.

25. The names and addresses of the putative class members are available from Defendant for the purpose of providing notice to prospective class members in a form and manner to be approved by the Court.

26. Defendant's failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

27. As a direct and legal consequence of Defendant's unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff, GILDA DULCEY, on behalf of himself and all others similarly situated, respectfully request all legal and equitable relief allowed by law including designation of this action as a collective action on behalf of Plaintiff and all others similarly situated, judgment against Defendant for overtime compensation, liquidated damages, and prosecution of this claim and equitable relief declaring and mandating the cessation of Defendant's unlawful pay policy, a judicial determination that the FLSA was violated, an adjudication on the merits of the case, and such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

28. Plaintiff requests a jury trial on all issues so triable.

Dated this 25th day of November 2019.

                                                **FLORIN, GRAY, BOUZAS, OWENS, LLC**

                                                *s/ Miguel Bouzas*
                                                **MIGUEL BOUZAS, ESQUIRE**

        Florida Bar No.: 48943
        Primary: miguel@fgbolaw.com
        Secondary: debbie@fgbolaw.com
        16524 Pointe Village Drive, Suite 100
        Lutz, FL 33558
        Telephone (727) 254-5255
        Facsimile (727) 483-7942
        Attorney for Plaintiff